UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ) ) ) Plaintiff, ) ) v. ) ) THE ESTATE OF LEROY D. HOWARD, SR., ) LEROY HOWARD, JR., Individually and as ) Personal Representative of the Estate of Leroy D. ) Howard, Sr., COBIE HOWARD, JR., Individually ) and as Guardian of Leroy D. Howard, Sr., ) ROMONA L. HOWARD, Individually and as ) Guardian of Leroy D. Howard, Sr., ) MARCIA WALKER, NYTEA HOWARD and ) CALVIN CARTER, ) ) Defendants. ) | CAUSE NO. 2:04-CV-184 PS |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Estate of Leroy Howard, Sr., Leroy Howard, Jr., Marcia Howard, f/k/a Marcia Walker and Nytea Howard's Motion for Summary Judgment. In this Motion, Defendants Leroy Howard, Jr., Marcia Walker and Nytea Howard ask this Court to rule that they are the primary and proper beneficiaries of the life insurance policy of their father, Leroy Howard, Sr. Defendants filed their Motion on November 19, 2004. The same Defendants filed a "Notice to Pro Se Plaintiff," pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), informing Defendants Cobie Howard, Jr. and Romona L. Howard, of their duty to respond to the motion. Cobie and Ramona, who had previously claimed rights to the benefits of Leroy Howard, Sr.'s life insurance policy, failed to file any response to the Motion. Calvin

- 1 -

Carter was not provided such a notice, as he has not made an appearance in this case, despite being served. (See Docket No. 20).  Upon review of the record, and after taking into consideration the applicable legal standards, the Defendants' Motion for Summary Judgment is granted.

## I.     BACKGROUND

The Prudential Insurance Company of America issued a group insurance policy to Ispat Inland, Inc., as part of an employer sponsored "employee welfare benefit plan," pursuant to the Employment Retirement Income Security Act of 1974.  Leroy Howard, Sr., ("Insured"), as an employee of Ispat Inland, Inc., was eligible for and became insured under the group insurance policy for the basic term life benefits of $5,000.00 and the optional term life insurance benefits of $50,000.00.  On February 16, 1996, the Insured designated his three children, Leroy Howard, Jr., Marcia Walker and Nytea Howard (the "Howard Children"), as the primary beneficiaries of his life insurance policy, each with equal shares.

On September 9, 1997, Cobie Howard, the Insured's brother, was appointed guardian of the person and property of the Insured by the Lake Circuit Court, Probate Division, of Indiana. Shortly thereafter, on October 17, 1997, Cobie changed the primary beneficiaries of the Insured's policy to himself and Calvin Carter, sharing equally, and added Romona L. Howard, Cobie's wife, as the contingent beneficiary.  On December 15, 2000, Cobie and Romona were appointed co-guardians of the person and property of the Insured by order of the Lake Circuit Court.  Finally, on February 1, 2001, Cobie changed the primary beneficiaries of the Insured's policy again.  He designated ninety percent of the policy proceeds to his wife, Romona, retained the remaining ten percent himself, and named no contingent beneficiaries.

The Insured died on September 8, 2003.  On September 16, 2003, Cobie and Romona Howard made a claim for the proceeds of the Insured's policy as the primary beneficiaries. However, on September 22, 2003, the Howard Children made a claim for the proceeds of the policy, believing they were the primary beneficiaries.

Prudential, as the holder of the disputed policy proceeds, filed a Complaint for Interpleader, asking the Court to receive the $55,000.00 policy proceeds, Prudential's total liability, and determine, as among the Defendants, the rightful beneficiaries under the policy.  On October 29, 2004, Magistrate Judge Andrew P. Rodovich granted Prudential's requests, allowing the insurance company to deposit the sum of $55,000.00 plus interest with the Clerk of the Court.  Prudential was then dismissed from the lawsuit with prejudice.  As the Court now has control over the proceeds of the policy, the Howard Children have asked the Court to determine they are the primary beneficiaries under the policy and therefore, are entitled to the proceeds.

## II.   DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party.  *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).  The non-moving party must then set forth specific facts showing there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  A genuine dispute about a material fact exists only if the evidence is such that a

reasonable jury could return a verdict for the non-moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In making this determination, the Court must draw every reasonable inference from the record in the light most favorable to the non-moving party.  *Haefling v. United Parcel Serv., Inc.*, 169 F.3d 494, 497 (7th Cir. 1999).  The non-moving party must support its contentions with admissible evidence and may not rest upon mere allegations in the pleadings or conclusory statements in affidavits.  *Celotex*, 477 U.S. at 324.  The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial.  The production of only a scintilla of evidence will not suffice to oppose a motion for summary judgment.  *Anderson*, 477 U.S. at 252.

Local Rule 56.1 sets forth specific requirements for both the party moving for summary judgment as well as for the non-moving party.  It directs the moving party to file a "Statement of Material Facts" as to which "the moving party contends there is no genuine issue."  N.D. Ind. L.R. 56.1(a).  The party opposing the summary judgment motion must respond to each of the purported undisputed facts with a "Statement of Genuine Issues" setting forth "all material facts as to which it is contended there exists a genuine issue necessary to be litigated."  *Id.*  The Local Rule specifically states that "the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion."  N.D. Ind. L.R. 56.1(b); *see also Thiele v. Norfolk & Western Ry. Co.*, 873 F. Supp. 1240, 1243 (N.D. Ind. 1994).

Given that the remaining Defendants have not filed any response to the Howard Children's Motion or disputed any of the facts set forth in their Statement of Facts despite being given ample opportunity to do so, the Howard Children's allegations in their Rule 56.1 Statement of Material Facts are deemed admitted unless they are unsupported by the evidence or contradict each other.  *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[w]e have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 689 (7th Cir. 2000) (same).

Nevertheless, even where an opposing party completely fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only "*if appropriate* – that is, if the motion demonstrates that there is no genuine issue of material fact *and* that the movant is entitled to judgment as a matter of law."  *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) (quoting *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993) (emphasis supplied)).  Thus, even where all of the material facts are undisputed, the court still must ascertain that judgment is proper "as a matter of governing law."  *Id.* (citations omitted).  For this reason, we will analyze the Howard Children's claims to determine whether judgment in favor of these Defendants is proper.

The Howard Children claim that all of the changes made by Defendants Cobie and Romona, as the Insured's guardians, to the Insured's policy are void.  This claim is supported by the evidence and the applicable legal standards.  Defendants Cobie and Romona have furnished the Court with no evidence to rebut the allegations set forth in the Howard Children's Statement of Facts.  Without such evidence, Defendants Cobie and Romona cannot overcome the

presumption that the changes made concerning the beneficiaries of the policy are void based on their power as guardians over the Insured and his policy, and the appearance of self-dealing when appointing themselves as the primary beneficiaries under the policy.

Court appointed guardians serve a special role in the care of another person and that person's property. The Indiana Code defines a guardian as one "who is a fiduciary and is appointed by a court to be a guardian or conservator responsible as the court may direct for the person or the property of an incapacitated person or a minor. I.C. § 29-3-1-6 (2005). As the guardian/ward relationship is fiduciary in nature, one must ensure that proper fiduciary duties are met. Further, under Indiana law, various legal and domestic relationships raise a presumption of confidence and trust as to the subordinate party on the one hand and a corresponding influence of the dominant party on the other. *In re Estate of Wade*, 768 N.E.2d 957, 961 (Ind. App. Ct. 2002). Where there exists a fiduciary relationship, and the questioned transaction between the two parties resulted in an advantage to the dominant party in whom the subordinate has reposed both trust and confidence, the law imposes a presumption that the transaction was the result of undue influence exerted by the dominant party. *Id*. at 962. Once these facts have been established, the burden shifts to the dominant party in the relationship to rebut the presumption by clear and unequivocal proof. *Id.* Undue influence is defined as the "exercise of sufficient control over the person to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised." *Id.* (citing *Crider v. Crider*, 635 N.E.2d 204, 210 (Ind. App. Ct. 1994)).

The law presumes fraud when a person with a fiduciary duty benefits from a questioned transaction. *Id*. at 963, (citing *Clarkson v. Whitaker*, 657 N.E.2d 139, 144 (Ind. App. Ct. 1995)).

When a party with a fiduciary relationship to another fails to prove by clear and unequivocal evidence that the questioned transaction occurred outside the fiduciary relationship, the transaction is void in its entirety. *Id*. at 963. Further, Indiana Code clearly dictates the proper result when a conflict of interest arises, resulting from the use of guardianship power to confer substantial benefits to one who holds such power. I.C. § 29-3-8-5 states as follows:

> Sec. 5. (a) Any:
>
> > (1) sale or encumbrance of any part of the property of a protected person to a guardian or guardian's spouse, agent, attorney, or any corporation, trust or other organization in which the guardian has a substantial beneficial interest; or
> >
> > (2) other transaction involving the property that is affected by a substantial conflict between the interest of the protected person and the guardian's personal interest;
>
> is void.

I.C. § 29-3-8-5 (2005).

Here, according to the undisputed facts as given, it is clear that Cobie Howard conferred a substantial beneficial interest upon himself when appointing himself the primary beneficiary entitled to one half of the proceeds under the Insured's policy. Little more than one month had passed between this event and the event in which Cobie was appointed as the Insured's guardian. Within as little as six months from the time Cobie was appointed guardian, he and his wife had transferred all of the proceeds of the Insured's policy to themselves by designating themselves the primary and sole beneficiaries of the policy.

Because neither Cobie nor his wife, Romona, have come forward with any evidence to rebut the assertion that the changes of the beneficiaries in the policy were done in the interests of self-dealing, the presumption that these changes were the result of undue influence exerted by

Cobie and Romona must stand.  As such, Indiana law clearly views these changes as void.  The designation to the Howard Children as beneficiaries to the proceeds of the policy, made by the Insured himself while he retained complete control over his affairs, is still valid.  Therefore, the Howard Children are entitled to receive the proceeds of the policy, in equal amounts.

### III.   CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment [Doc. 19] is hereby **GRANTED**; the clerk shall **ENTER FINAL JUDGMENT** in favor of the Defendants Leroy Howard, Jr., Marcia Howard, f/k/a Marcia Walker and Nytea Howard stating that they are the primary beneficiaries of Leroy Howard, Sr.'s life insurance policy, and therefore, entitled to the proceeds of the policy in equal amounts.  The clerk shall treat this civil action as **TERMINATED**.  All further settings in this action are hereby **VACATED**.

**SO ORDERED**.

ENTERED: June 17, 2005

>s/ Philip P. Simon
>PHILIP P. SIMON, JUDGE
>UNITED STATES DISTRICT COURT